IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,

             Plaintiff,

  vs.

                                        CASE NO.: 1:10-cv-28-SPM/AK

LANDMARK AMERICAN INSURANCE
COMPANY, et al.,

             Defendants.

_____/

## ORDER DENYING IN PART AND GRANTING IN PART
## MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

THIS CAUSE comes before the Court on Plaintiff's Motion to Strike the Affirmative Defenses to the Amended Complaint (doc. 45) and memorandum in support thereof. The Court has also considered the arguments raised in Defendant's Memorandum in Opposition to Motion to Strike (doc. 47). For the following reasons, the Court finds that Plaintiff's motion to strike must be GRANTED in part and DENIED in part.

## BACKGROUND

This case is an action involving builder's risk insurance policy issued by Landmark American Insurance Company [hereinafter Landmark], and policy of excess insurance issued by Rockhill Insurance Company [hereinafter Defendant], and

Westchester Surplus Lines Insurance Company, and sold to the Plaintiff for the construction of Bartram Apartments [hereinafter apartment complex]. The builder's risk insurance policy issued by Landmark was effective June 25, 2007, through September 25, 2008 (doc. 38 ¶ 22). The apartment complex was completed and received its final certificate of occupancy in September 2008 (doc. 38 ¶ 23) . Plaintiff claims that around July 2008, prior to the completion of construction, Plaintiff noticed water damage in the apartment complex (doc. 35 ¶ 3). Believing that water damage was limited to the isolated instances affecting or involving few units, Plaintiff fixed this water damage, by among other things, caulking and painting (doc. 35 ¶ 3). Thereafter, around June 17, 2009, Plaintiff noticed, among other things, cracks on the exterior walls in the apartment complex  (doc. 35 ¶ 3). Plaintiff claims that, upon inspection, Plaintiff learned that the damages on the exterior walls resulted from serious and systematic construction defects (doc. 35 ¶ 3). Plaintiff contends that by July in 2008, its discovery of the water damage constituted an occurrence for purposes of Plaintiff's insurance  policy, or that the injury-in-fact theory triggered coverage under Plaintiff's insurance policy (doc. 35 ¶ 6). Moreover, Plaintiff contends that the damages suffered by the Plaintiff due to construction defects of the apartment complex are within the scope of damages covered by Plaintiff's insurance policy and that Defendant breached Plaintiff's insurance policy by refusing to compensate Plaintiff for the damages (doc. 35 ¶¶ 6-7). Defendant indicated that Plaintiff pursues a parallel lawsuit against the C.B. Contractors, LLC, <u>The Bartram v.</u>

<u>C.B. Contractors, LLC</u>, Case No. 1:09-cv-00254-SPM-AK, [<u>hereinafter</u> <u>The Bartram</u>] for the damages before this Court (doc. 38 ¶ 23). Defendant has raised various affirmative defenses to the complaint. In the instant motion, Plaintiff requests to strike all of Defendant's affirmative defenses (doc. 47 ¶¶ 6-15).

## <u>ANALYSIS</u>

Rule 12(f) provides that the court may order that "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Fed. R. Civ. P. 12(f). However, a motion to strike will usually be denied, unless, the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. <u>See</u> <u>Allstate</u>, 2010 WL 2889214, at * 1 (quoting <u>Scelta v. Delicatessen Support Services, Inc.</u>, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (quoting <u>Seibel v. Society Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997)). "An affirmative defense will only be stricken . . . if the defense is insufficient as a matter of law." <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quoting <u>Anchor Hocking Corp. v. Jacksonville Elec. Auth.</u>, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." <u>Id.</u> "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F.

Supp. 574, 576 (M.D. Fla. 1995) (citation omitted). Affirmative defenses are also subject

to the general pleading requirements of the Federal Rule of Civil Procedure 8. Rule

8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim

asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a

defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair

notice" of the nature of the defense and the grounds upon which it rests. See Bell Atlantic

Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). "Factual allegations must be enough to

raise a right to relief above the speculative level." Id.

Plaintiff asserts that Defendant alleged mere legal conclusions in its first through

ninth and eleventh affirmative defenses, devoid of any elements or supporting facts.

(Doc. 45 ¶ 6).

Defendant's first and seventh affirmative defenses allege that: (1) Plaintiff's

Amended Complaint fails to state a claim against Defendant upon which relief could be

granted; and (7) it fails to state a cause of action for breach of contract (doc 38 ¶¶ 10, 11)

. A complaint may be dismissed for failure to state a claim "when its allegations . . . show

that an affirmative defense bars recovery on the claim." Marsh v. Butler County, Ala.,

268 F.3d 1014, 1022 (11th Cir. 2001). However, the foregoing broad statements are

merely denials of Plaintiff's claims rather than affirmative defenses. See Premium

Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc., No. 8:08-cv-1048-T-24 EAJ, 2008

WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). "In attempting to controvert an allegation

in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." <u>Home Management Solutions, Inc. v. Prescient, Inc.</u>, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1269 (3d ed. 2004)). When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial. <u>Id.</u>; <u>Ohio Nat'l Life Assurance Corp. v. Langkau</u>, No. 3:06-cv-290-J-20MCR,  2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006). Accordingly, the Court will treat these affirmative defenses as denials. For this reason, Plaintiff's motion to strike the first and seventh affirmative defenses is hereby denied.

Defendant's second affirmative defense claims that Plaintiff's cause of action is barred in total or at least in part by Plaintiff's failure to mitigate damages (doc. 38 ¶ 10). Failure to mitigate damages is an affirmative defense. <u>Slip-N-Slide Records, Inc. v. TVT Records, LLC</u>, No. 05-CIV-21113, 2007 WL 3232270, at * 13 (S.D. Fla. Oct. 31, 2007); <u>see</u> <u>also</u>  <u>Ali v. City of Clearwater</u>, 915 F. Supp. 1231, 1242 (M.D. Fla. 1996). Plaintiff claims that this defense should be stricken because Defendant failed to state what measures Plaintiff allegedly failed to take to mitigate damages (doc. 45 ¶ 7). Rule 8 obligates Defendant to give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. Fed. R. Civ. P. 8(b)(1)(A); <u>see</u> <u>also</u> <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964. This affirmative defense, does not set forth a "short and plain statement" explaining its factual basis. <u>See</u> <u>id.</u> Thus, pursuant to Federal  Rule of Civil Procedure

12(e), the Court grants Plaintiff's motion to strike the second affirmative defense, but grants Defendant leave to amend it.

Defendant's third affirmative defense claims that "Plaintiff is at fault in the matters referred to in the Amended Complaint and such fault on the part of Plaintiff proximately caused or contributed to the Plaintiff's damages" (doc. 38 ¶¶ 10). This affirmative defense is not insufficient as a matter of law. Indeed, it pleads the proper affirmative defense of contributory negligence. Fed. R. Civ. P. 8(c). However, this affirmative defense, does not set forth a "short and plain statement" explaining its factual basis. See Fed. R. Civ. P. 8(b)(1)(A); see also Bell Atlantic Corp., 127 S.Ct. at 1964. Thus, pursuant to Rule 12(e), Fed. R. Civ. P., the Court grants Plaintiff's motion to strike the third affirmative defense, but grants Defendant leave to amend it.

Defendant's fourth affirmative defense claims that if Plaintiff suffered any damages, such damages resulted from negligence or breach of contract of some other party other than Defendant (doc. 38 ¶ 10-11). Plaintiff claims that this defense is a bare-bones conclusory allegation, which simply names a legal theory but does not indicate how the theory is connected to the case at hand (doc. 45 ¶ 7). Further, Plaintiff claims that this defense is insufficient by failing to allege what third party allegedly caused Plaintiff's damages. (doc. 45 ¶ 8). However, Defendant alleges that Plaintiff brought parallel suit against the C.B. Contractors, The Bartram, and seeks recovery for the damages that were caused by the contractor's defective workmanship (doc. 37 ¶ 23). The

Court finds that the Defendant's fourth affirmative defense is adequate to survive Plaintiff's motion to strike since it fairly presents questions of law and fact which the Court ought to hear. See Reyher, 881 F. Supp. at 576. Moreover, Plaintiff has received notice of the nature of the defense and Plaintiff has failed to show prejudice by its inclusion in Defendant's pleading. For this reason, Plaintiff's motion to strike Defendant's fourth affirmative defense is hereby denied.

Defendant's fifth affirmative defense claims that Plaintiff's cause of action is barred in total or at least in part by the intervening acts and omissions of other third parties (doc. 38 ¶ 11). Plaintiff asserts that this affirmative defense should be stricken because Defendant failed to allege what third party allegedly caused Plaintiff's damages (doc. 45 ¶ 8). This affirmative defenses, as pleaded, is legally insufficient. Without establishing what acts or omissions Defendant is alluding to, and what third parties Defendant is referring to, the affirmative defense fails to provide fair notice to Plaintiff as to the nature of the defense. See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co. Slip Copy, 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010). Accordingly, the Court grants Plaintiff's motion to strike the fifth affirmative defense, but grants Defendant leave to amend it.

Defendant' sixth affirmative defense asserts that if Plaintiff succeeds in securing a right to recover or in recovering for the alleged damages from a third party, Plaintiff action against Defendant will be barred to the extent of Plaintiff's right to recover from a

third party or Plaintiff's claims against Defendant will be limited by Plaintiff's actual

recovery (doc. 38 ¶ 11).  Plaintiff claims that this defense should be stricken because it

fails to provide Plaintiff with fair notice as to what type of collateral sources or setoff

could apply to the facts of this case and upon what legal authority this defense is

purportedly based (doc. 45 ¶ 8). As Defendant asserted, Plaintiff seeks recovery for

damages against C.B. Contractors caused by C.B. Contractors' faulty workmanship (doc.

38 ¶ 22) and seeks recovery from Defendants named in this case (doc. 38 ¶¶ 7-14).

Further, although, at this stage of litigation, there is no authority in support of

Defendant's claim that monetary relief received by the Plaintiff from the third party

should set off the damages, this defense may have legal and factual bearing on the subject

matter of the litigation.  Plaintiff has received notice of the nature of the defense and

Plaintiff has failed to show prejudice with its inclusion in Defendant's pleading.  For this

reason, Plaintiff's motion to strike Defendant's sixth affirmative defense is hereby

denied.

Defendant's eighth affirmative defense claims that Plaintiff's claims against C.B.

Contractors in The Bartram, bar Plaintiff's recovery under Plaintiff's insurance policy

(doc. 38 ¶ 11). This assertion is merely a denial of Plaintiff's claims rather than the

affirmative defense. See Premium Leisure, 2008 WL 3927265, at *3. Thus, the proper

remedy is not to strike the claim, but instead to treat the claim as a specific denial. See id.

Accordingly, the Court will  deny Plaintiffs motion to strike Defendant's eighth affirmative defense and treat this affirmative defense as denial.

Defendant's ninth affirmative defense claims that Plaintiff is not entitled to attorney fees pursuant to section  627.428, Florida Statutes (2009), since Defendant has not breached Plaintiff's insurance policy and Plaintiff has not had any judgment entered against Defendant in this action (doc. 38 ¶¶ 11-12). Plaintiff pointed out that Plaintiff's request for attorney fees from Defendant identifies section 627.428 as a basis. (Doc. 27 ¶ 6). As Defendant may ultimately prevail on the issues, Plaintiff has not at this stage so clearly demonstrated Defendant's potential liability that striking Defendant's affirmative defense would be proper. See Goodbys Creek, LLC v. Arch Ins. Co., No. 3:07-cv-947-J-34 HTS, 2009 WL 1139572, at *2 (M.D. Fla. Apr. 27, 2009). Consequently, Defendant's ninth affirmative defense will not be stricken.

Defendant's eleventh affirmative defense claims that if Defendant tendered any payment to the Plaintiff for Plaintiff's alleged damages, then Defendant should be entitled to have any judgment entered against Defendant set off by this payment (doc. 38 ¶ 12). Plaintiff asserts that this defense should be stricken for failing to provide Plaintiff with fair notice as to how setoff could apply to the facts of this case (doc. 445¶ 9). Although Rule 8 obligates a defendant to give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, the defendant does not have to provide detailed factual allegations. Fed. R. Civ. P. 8(b)(1)(A); see also Bell Atlantic Corp., 127

S.Ct. at 1964. Moreover, Plaintiff has received notice of the nature of the defense

(payment) and has failed to show prejudice with its inclusion in Defendant's pleading.

Therefore, the Court finds that the Defendant's eleventh affirmative defense is adequate

to survive Plaintiff's motion to strike. Thus, Plaintiff's motion to strike Defendant's

eleventh affirmative defense is hereby denied.

II.

Plaintiff further claims that Defendant's "tenth, twelfth through twenty sixth

affirmative defenses merely contain bare bone assertions that . . . [Plaintiff's] . . .

insurance policies do not cover or exclude coverage for . . . [Plaintiff's] . . . damages.

"(doc. 45 ¶ 9). Moreover, Plaintiff asserts that Defendant improperly recites policy

conditions and exclusions not explaining how such provisions could possibly constitute

affirmative defenses (doc. 45 ¶ 10).

Defendant's tenth affirmative defense asserts that Plaintiff's insurance policies

determine the liabilities of the parties in this action (doc. 38 ¶ 12). Defendant is entitled

to a defense that puts into issue a relevant and substantial legal issue and factual

questions when there is no showing of prejudice to the movant." <u>Reyer</u>, 881 F. Supp. at

577.  As Defendant has put Defendant's liability and its scope in question, the Court

finds that the Defendant's tenth affirmative defense is adequate to survive Plaintiff's

motion to strike. Defendant's pleading provides Plaintiff fair notice of its defense and

Plaintiff has failed to show prejudice with its inclusion in Defendant's pleading. Plaintiff's motion to strike the eleventh affirmative defense is hereby denied.

Defendant's twelfth affirmative defense claims Plaintiff cannot recover for damages that Plaintiff suffered prior to the coverage period afforded by Plaintiff's insurance policy (doc. 38¶ 12). Defendant's statement is merely a denial of Plaintiff's claims rather than the affirmative defense. See Premium Leisure, 2008 WL 3927265, at *3. Accordingly, the Court will treat this affirmative defense as a specific denial. For this reason, Plaintiff's motion to strike Defendant's twelfth affirmative defense is hereby denied.

Defendant's thirteenth and twenty fourth affirmative defenses assert that Plaintiff's excess policy issued by Defendant "does not attach unless and until the primary and underlying excess policies are exhausted." (Doc. 38 ¶ 12). Defendant quotes Plaintiff's insurance policy provisions to support the basis of this defense.(Doc. 38 ¶¶ 17-18)  Since Defendant's assertions are merely denials of Plaintiff's claims, the Court will treat these assertions as specific denials. See Premium Leisure, 2008 WL 3927265, at *3. For this reason, Plaintiff's motion to strike Defendant's thirteenth affirmative defense is hereby denied.

Defendant's fourteenth affirmative defense claims that pursuant to Plaintiff's insurance policy, Plaintiff had a duty, among other duties, to promptly notify Defendant about the damages (doc. 38 ¶¶ 12-13).  Further, Defendant asserts that Plaintiff failed to

give Defendant prompt notice and therefore Plaintiff forfeited recovery provided by

Plaintiff's insurance policies (doc. 38 ¶ 24). This Court finds that Defendant's fourteenth

affirmative defense fairly presents questions of law and fact which the Court ought to

hear. Defendant's pleading  provides Plaintiff fair notice of its defense and Plaintiff has

failed to show prejudice with its inclusion in Defendant's pleading. Thus, Plaintiff's

motion to strike Defendant's fourteenth affirmative defense is hereby denied.

Defendant's fifteenth affirmative defense states that Plaintiff failed to comply

with the contractual conditions precedent to filing this cause of action (doc. 38 ¶ 13).

Defendant quotes Plaintiff's insurance policy's provision that required full compliance

with the insurance policy before filing this cause of action (doc. 38 ¶ 13)  and that

required Plaintiff to provide Defendant prompt notice of damages (doc. 38 ¶¶ 12-13).

Defendant, further, asserts that Plaintiff submitted a loss notice to Defendant in August,

2009, seeking recovery for the alleged damage to the insured property, which occurred

more than a year before that date (doc. 38 ¶ 23). Therefore, Defendant claims that

Plaintiff failed to give the Defendant prompt notice of the damage, which is a breach of

contract and failure to comply with the contractual conditions precedent to filing this

cause of action (doc. 38 ¶¶ 24-25). The Court finds that the Defendant's fifteenth

affirmative defense is adequate to survive Plaintiff's motion to strike since the

affirmative defense of Plaintiff's failure to comply with the contractual conditions

precedent to filing this cause of action fairly presents questions of law and fact which the

Court ought to hear. <u>Reyher</u>, 881 F. Supp. at 576. Defendant's pleading provides Plaintiff fair notice of its defense and Plaintiff has failed to show prejudice with its inclusion in Defendant's pleading. For this reason, Plaintiff's motion to strike the fifteenth affirmative defense is hereby denied.

Defendant's sixteenth affirmative defense asserts that Plaintiff's claims are subject to Plaintiff's insurance policy exclusions and are excluded by one of the exclusionary provisions (doc. 38 ¶¶ 13, 26). Defendant quotes Plaintiff's insurance policy's provision that excludes Plaintiff's recovery for damages caused by faulty workmanship (doc. 38 ¶¶ 13-14). This assertion in Defendant's pleading is a denial of Plaintiff's claims rather than affirmative defense. <u>See</u> <u>Premium Leisure</u>, 2008 WL 3927265, at *3. Accordingly, the Court will treat this affirmative defense as a specific denial. <u>See</u> <u>id.</u> For this reason, Plaintiff's motion to strike these affirmative defenses is hereby denied.

Defendant's seventeenth affirmative defense claims that "Plaintiff has failed to establish a fortuitous covered loss under the terms and conditions of the policy . . . ."( Doc. 38 ¶ 14) This assertion, in Defendant's pleading, is a denial of Plaintiff's claims rather than the affirmative defense. <u>See</u> <u>Premium Leisure</u>, 2008 WL 3927265, at *3. Accordingly, the Court will treat this affirmative defense as a specific denial. For this reason, Plaintiff's motion to strike the seventeenth affirmative defense is hereby denied.

Defendant's eighteenth affirmative defense asserts "Plaintiff's claim is barred to the extent it has failed to establish entitlement to insurance proceeds based on and defined by a Covered Cause of Loss." (Doc. 38 ¶ 14) Again, this assertion in Defendant's pleading is a denial of Plaintiff's claims rather than the affirmative defense. See Premium Leisure, 2008 WL 3927265, at *3. Accordingly, the Court will treat this affirmative defense as a specific denial. For this reason, Plaintiff's motion to strike the eighteenth affirmative defenses is hereby denied.

Defendant's nineteenth and twentieth affirmative defenses claim that Plaintiff's claims arose outside of the Plaintiff's insurance policy coverage period; therefore, Plaintiff is barred from recovery for damages (doc. 38 ¶¶ 14-15, 26-27). Defendant quotes Plaintiff's insurance policy's provision establishing the coverage period (doc. 38 ¶¶ 14-15). Defendant, further, asserts that pursuant to the complaint filled by Plaintiff in The Bartram, Plaintiff begun to notice problems with the work performed by Plaintiff's contractor after the project was completed and the certificate of occupancy had been received (doc. 38 ¶ 23). The Court finds that the Defendant's nineteenth and twentieth affirmative defenses are adequate to survive Plaintiff's motion to strike since these affirmative defenses fairly present questions of law and fact that the Court ought to hear. Reyher, 881 F. Supp. at 576. In addition, the Court finds that there is no prejudice to Plaintiff by allowing these defenses to remain as pleaded. For this reason, Plaintiff's motion to strike the nineteenth and twentieth affirmative defenses is hereby denied.

Defendant's twenty first, twenty second, twenty third, and twenty fifth and twenty sixth affirmative defenses assert that Plaintiffs claims are excluded from coverage by one or more of Plaintiff's insurance policy's exclusionary provisions  (doc. 38  ¶¶ 15-20, 28-35). Defendant quotes the language of the insurance policy's provisions as the basis for this defense (doc. 38 ¶¶ 15-20). Again, these assertions in Defendant's pleading are denials of Plaintiff's claims rather than affirmative defenses. See Premium Leisure, 2008 WL 3927265, at *3. Accordingly, the Court will treat these affirmative defenses as specific denials. See id.  For this reason, Plaintiff's motion to strike these affirmative defenses is hereby denied.

 Finally, Defendant's twenty seventh affirmative defense claims that Defendant reserves the right to add additional affirmative defenses as discovery in this matter progresses (doc 38 ¶ 20) . Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Rule 15(a) provides that when more than twenty days have passed since service of a pleading, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).  The court shall give leave to amend freely when justice requires. Id. Although the language of the reservation is imprecise, the Court denies Plaintiff's motion to strike the reservation of right to add affirmative defenses because Defendant does retain the right to seek leave of the Court to amend Defendant's pleading.

**CONCLUSION**

CASE NO.: 1:10-cv-28-SPM/AK

Accordingly, it is

ORDERED AND ADJUDGED

1.    Plaintiff's motion to strike (doc. 45) is **granted** as to second, third, and
      fifth affirmative defenses.

2.    Plaintiff's motion to strike (doc. 45) is **denied** as to the remaining
      affirmative defenses.

3.    Defendant shall have up to and including December 1, 2010, to file an
      amended pleading.

DONE AND ORDERED this 16th day of  November, 2010.


_s/ Stephan P. Mickle_

Stephan P. Mickle
Chief United States District Judge