UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Case No.: 1:10-CV-00028-SPM-AK

THE BARTRAM, LLC, a Delaware limited liability
company,

       Plaintiff,

vs.

LANDMARK AMERICAN INSURANCE COMPANY,
an Oklahoma corporation; ROCKHILL INSURANCE
COMPANY, an Arizona corporation; and
WESTCHESTER SURPLUS LINES INSURANCE
COMPANY, a Georgia corporation,

       Defendants.

_____/

## AMENDED PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM LANDMARK AMERICAN INSURANCE COMPANY AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 26, 33, 34, and 37, and N.D. Fla. L.R. 26.2 (B),

Plaintiff, The Bartram, LLC ("Bartram"), moves for the entry of an order compelling

Defendant, Landmark American Insurance Company ("Landmark") to:   (i) fully

respond and produce more documents in response to document requests numbered 1

through 14 of Plaintiff's First Request for Production of Documents, including, its

claims files; (ii) produce all documents identified on Landmark's Privilege Log; and

(ii) more fully respond to Interrogatories 4, 6, and 11 of Plaintiff's First Set of

Interrogatories.  The grounds for this motion are:

Higer Lichter & Givner

I.   BACKGROUND

Bartram brought this action against Landmark and the other Defendants (collectively, the "Insurers") seeking damages and declaratory relief in connection with the Insurers' breach of their respective builder's risk insurance policies (the "Insurance Policies") with Bartram.  Amended Complaint, DE 22 ("Am. Complt.").

Bartram is the developer and owner of an apartment project (the "Project") located in Gainesville, Florida.   Prior to construction of the Project, Bartram purchased four layers of builders' risk insurance from the Insurers, totaling in excess of $25,000,000 of coverage.   During construction of the Project, Bartram suffered extensive damages to the Project.  Am. Complt., ¶¶ 8 – 15.   Bartram submitted claims for payment of its losses under all the Insurers' respective builders' risk insurance policies, but none of the Insurers has made any payments to Bartram.

Bartram alleges that, to the extent its losses are covered under Landmark's insurance policies (comprising Layers 1 and 4 of Bartram's builder's risk coverage insurance), Landmark has breached those policies.   Am. Complt., ¶¶ 1 – 29, 35 – 37, 59 – 61.  Further, Bartram seeks the Court's declaration as to whether its losses are covered under Landmark's insurance policies. Am. Complt., at ¶¶ 1 – 34, 54 – 58.   Landmark admits it has not denied coverage for Bartram's losses.   See Landmark's Answer to Admission number 2 in Landmark's Response to Bartram's First Request for Admissions to Landmark.  Exhibit 1.

Higer Lichter & Givner

II.    BARTRAM'S DISCOVERY REQUESTS
       AND LANDMARK'S INSUFFICENT RESPONSES

1.    On June 14, 2010, Bartram served its First Request for Production of Documents upon Landmark.  Exhibit 2.

2.    On July 28, 2010, Landmark served its Response to Bartram's First Request for Production of Documents. Exhibit 3.

3.    In connection with its responses to Bartram's First Request for Production of Documents, Landmark served a Privilege Log. Exhibit 4.

4.    On June 14, 2010, Bartram served its First Set of Interrogatories upon Landmark. Exhibit 5.

5.    On July 22, 2010, Bartram served its Answers to Bartram's First Set of Interrogatories to Landmark. Exhibit 6.

III.   SUMMARY OF ARGUMENT AND RELIEF SOUGHT

Bartram's discovery requests seek information and documents related to Landmark's investigation and handling of Bartram's insurance claims, thereby necessarily invoking discovery of Landmark's claim files.  Landmark has objected to producing and/or withheld from production its claims files and other information and documents related to its investigation and handling of Bartram's insurance claims.

Landmark asserts–based on Florida state law – that information and documents which Bartram requested are protected by the work product privilege or are irrelevant.  The law is clear however, *first*, that federal law – and not state

3

Higer Lichter & Givner

law - applies to the application of a work product privilege and any determinations of relevance.  *See, e.g., Atrium on the Ocean II Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2007 WL 2972937, *2 (S.D. Fla. Oct. 9, 2007); *United States Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp.2d 1332, 1336-37 (M.D. Fla. 2007).  *Second,* Florida's district courts have held there is a rebuttable presumption that claim files are relevant and discoverable in first party breach of insurance contract cases and that, prior to denial of a claim or the institution of litigation, the insurance claim files are not protected as work product.   *See, e.g., AIG Centennial Ins. Co. v. O'Neill,* 2010 WL 4116555, *10 (S.D. Fla. Oct. 18, 2010); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.,* 268 F.R.D. 695, 698 (S.D. Fla. 2010); *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 597 F. Supp.2d 1334, 1336 (S.D. Fla. Feb. 3, 2009); *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695-96 (M.D. Fla. 2007); *St. Joe Co. v. Liberty Mut. Ins. Co.*, 2006 WL 3391208, *3 (M.D. Fla. Nov. 22, 2006).  This presumption may only be overcome "by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced." *Royal Bahamian*, 268 F.R.D. at 698 (quoting *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 663 (S.D. Ind. 1991)).

Further, Landmark has improperly withheld documents and information related to its handling of Bartram's insurance claims prior to the commencement of this litigation based on an assertion of the attorney-client privilege.  Florida law applies to the application of the attorney-client privilege.  Florida's district courts have held that, under Florida law, an attorney client privilege does not apply to

4

Higer Lichter & Givner

activities performed by an insurance company's attorney, unless it can be proven that such activities were in connection with the provision of legal advice. *See, e.g., Milinazzo*, 247 F.R.D. at 696-97. Landmark has made no showing that any of the requested information or documents that were withheld on the basis of attorney-client privilege were created other than in connection with Landmark's ordinary course of business of handling and investigating Bartram's insurance claims. All documents and information created prior to the commencement of this litigation are therefore not protected by any attorney-client privilege. *See 1550 Brickell*, 597 F. Supp.2d at  1336 – 37; *Milinazzo*, 247 F.R.D. at 696-97; *Bankers Ins. Co., v. Florida Dep't of Ins. & Treasurer*, 755 So. 2d 729, 729-30 (Fla. 1st DCA 2000).

Moreover, Landmark has improperly stonewalled Bartram by refusing to answer interrogatories related to its own affirmative defenses.

IV.   ARGUMENT

      A.   Documents and Information Regarding Landmark's
         <u>Claims Handling Are Relevant under Applicable Federal Law</u>

Landmark objected – based exclusively on inapplicable Florida law -- to all the documents and information requested in Bartram's document requests numbered 2 through 14 and interrogatories numbered 4 and 6 as "irrelevant and not discoverable in a first party beach of insurance contract action." Exhibit 3. In addition, on its privilege log Landmark identified multiple "claims handling documents" as withheld on the basis of irrelevance. Exhibit 4.

"Eleventh Circuit precedent dictates that, although state law controls substantive issues of law in a diversity action, **federal law governs the admissibility**

5

**Higer Lichter & Givner**

of evidence." *Atrium,* 2007 WL 2972937, at *2 (relying on *Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1159 (11th Cir. 2004)) (emphasis added); *accord Henninger v. Standard Ins. Co.,* 332 F. App'x 557, 560 (11th Cir. 2009); *Borden, Inc. v. Florida E. Coast Ry. Co.,* 772 F.2d 750, 754 (11th Cir. 1985).  Under federal law, information or documents requested in discovery are relevant if reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401; *Milinazzo,* 247 F.R.D. at 695.

District courts in the Eleventh Circuit have explicitly held that, under federal law, an insurer's claim file –which includes documents related to the investigation, processing, and analysis of an insurer's claim -- are clearly relevant and discoverable in a first party insured's insurance coverage case and are not premature pending any bad faith claims. *Buckley Towers, Inc. v. QBE Ins. Corp.,* 2008 WL 2645680, * 2 (S.D. Fla. June 26, 2008); *Milinazzo,* 247 F.R.D. at 695-96; *St. Joe,* 2006 WL 3391208, at *3.  "It goes without saying, of course, that the fact that some of these documents may contain relevant information with respect to the premature bad faith claim does not foreclose their discoverability if they are also relevant to the breach of contract claim." *Milinazzo,* 247 F.R.D. at 696, n.5.

As a matter of law, therefore, information and documents regarding Landmark's handling and investigation of Bartram's insurance claims are relevant to or reasonably calculated to lead to the discovery of admissible evidence in this action, and this Court  should overrule Landmark's objections to Document Requests numbered 2 through 14 and Interrogatories numbered 4 and 6 and order Landmark

Higer Lichter & Givner

to produce all the "claims handling" documents identified on its privilege log. *See,
e.g., Buckley Towers,* 2008 2645680, at *2; *Milinazzo,* 247 F.R.D. at 695-96.   In
sum, all of Landmark's relevance objections are wholly without legal merit:
"Florida state court cases regarding discoverability of claim files are not binding on
federal courts." *St. Joe,* 2006 WL 3391208, at *3.

### B.    The Work Product Doctrine Does Not Apply to Landmark's Claims Files

Incorrectly relying on Florida state law, Landmark asserts that the
documents and information requested in Bartram's document requests numbered 1
through 14 and interrogatories numbered 4 and 6 are protected by the work
product doctrine.   Exhibit 3.   Landmark further identifies on its privilege log
documents related to its handling and investigation of Bartram's insurance claims
as withheld under the work product doctrine. Exhibit 4.   Under applicable federal
law, the Court should overrule all of Landmark's work product objections and order
Landmark to:  (i) produce all documents and information responsive to Bartram's
document requests numbered 1 through 14; (ii) fully answer interrogatories 4 and
6; and (iii) produce all documents otherwise withheld on the basis of the work
product doctrine, if dated or created prior to Landmark's filing suit on February 17,
2010.

The law is clear:   federal law applies to any claims of work product
protection.

> While Rule 501, Fed.R.Civ.P. provides that Florida law of *privilege*
> governs in a federal diversity suit, the work product doctrine is a
> limitation on discovery in federal cases and federal law provides the

7

Higer Lichter & Givner

primary decisional framework. . . . Therefore plaintiff's Florida state
court cases on discoverability of claims files are not binding.

*Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla 1990)
(*relying on Hickman v. Taylor*, 329 U.S. 495 (1947) and *Airheart v. Chicago & N.
W. Transp. Co.*, 128 F.R.D. 669, 671 (D. S.D. 1989)); *accord Milinazzo*, 247 F.R.D.
at 699; *Cutrale Citrus Juices USA, Inc. v. Zurich Amer. Ins. Group*, 2004 WL
5215191, *2 (M.D. Fla. Sept. 10, 2004); *see also CC-Aventura, Inc. v. Weitz Co.*,
2008 WL 3286954, * 1 (S.D. Fla. Aug. 7, 2008); *USF&G*, 630 F. Supp.2d at 1336.

"The trend in lower federal courts is to analyze work product claims concerning
insurance claims files on a case by case basis while recognizing that the proponent
bears the burden of establishing the doctrine's applicability." *Auto Owners*, 135
F.R.D. at 202; *see CC-Aventura*, 2008 WL 3286954, at *1; *Milinazzo*, 247 F.R.D at
701. That is, the federal courts do not apply a blanket work product privilege to
insurance claims files. *Atrium*, 2007 WL 2972937, at *2. Rather, because "work
product immunity applies to documents primarily created to aid in possible litigation,
**and insurance companies investigate claims in the ordinary course of their business**,"
. . . the district courts have "adopted the rebuttable presumptions that **documents
prepared prior to a claim's denial are not work-product**, and conversely, those created
after are." *1550 Brickell*, 597 F.Supp.2d at 1336 (emphasis added); *see, e.g., CC-
Aventura*, 2008 WL 3286954, at *2; *Milinazzo*, 247 F.R.D at 701; *St. Joe*, 2006 WL
3391208, at *7. Consistent with this presumption, "[m]ost courts have held that
documents constituting any part of a factual inquiry into or evaluation of a claim,
undertaken in order to arrive at a claim decision, are produced in the ordinary course

8

of an insurer's business and, therefore are not work product." *USF&G*, 630 F. Supp.2d at 1337; *accord* Cutrale, 2004 WL 5215191, at \*2.

In this case, Landmark asserts that it has not denied Bartram's insurance claims.  Exhibit 1.  Applying the rebuttable presumption, all documents prepared prior to Bartram's filing suit are therefore not work-product.  In *1550 Brickell*, the district court similarly held that, where the insurance claim was not denied, "none of the documents that [the insurer] prepared before [the insured] filed suit are work product." *Id; see also CC-Aventura,* 2008 WL 3286954, at \*2.

In all its objections, Landmark makes the wholesale assertion that all documents and information related to its handling and investigation of Bartram's insurance claims are work product.  Exhibit 3.  Landmark has therefore failed to and cannot provide specific evidentiary proof that the material it is claiming work-product protection over was created in anticipation of litigation.  The decisional framework adopted by the district courts "rejects the idea that demonstrating that an insurance company began an investigation with the understanding that litigation is *possible* establishes work-product immunity." *1550 Brickell,* 597 F. Supp.2d at 1336 (emphasis added); *see Milinazzo,* 247 F.R.D. at 701 ("it is in the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation."); *USF&G*, 630 F. Supp.2d at 1337 (holding that documents created during an insurer's investigation of a claim under a reservation of rights -- but before its denial of a claim -- were not work product, because litigation was not anticipated until after the insurer denied the claim); *St. Joe*, 2006 WL 3391208, at

9

**Higer Lichter & Givner**

*8 (holding the insurer failed to rebut the presumption that any documents produced before the denial of the insured's claim are not work product by failing to demonstrate the documents sought to be withheld were not "prepared for litigation purposes and not merely in the ordinary course of its business"); *Cutrale*, 2004 WL 5215191, at *2 (holding documents created prior to the insurer's denial of its insured's claims were not protected as work product).

Landmark asserts it has not denied Bartram's insurance claims and has not alleged any point in time when its investigation shifted from mere claim evaluation to a strong anticipation of litigation or otherwise when the probability of litigation was substantial or imminent. The Court can only, therefore, conclude that the first point in time at which Landmark's claims file documents could arguably constitute work product is on the date Bartram filed this action against Landmark, that is, February 17, 2010. *See 1550 Brickell,* 597 F. Supp.2d at 1336 (holding an insurer did not have work product immunity for its documents merely because litigation was possible); *CC-Aventura*, 2008 WL 3286954, at * 2 (holding documents created before litigation was filed were not work product).

### C.   Landmark Has No Attorney-Client Privilege Prior to Commencement of the Litigation

In response to Bartram's document requests numbered 1 through 14 and interrogatories numbered 4 and 6, Landmark asserts that the attorney client privilege protects the requested documents. Exhibit 3. Landmark further identifies on its privilege log documents related to its claims handling as withheld on the basis of the attorney client privilege. Exhibit 4, p.2. This Court should

10

Higer Lichter & Givner

overrule all of Landmark's attorney-client objections and order Landmark to produce all documents withheld on the basis of the attorney client privilege which predate Bartram's filing of this lawsuit.

"Florida law governs application of the attorney-client privilege in a federal diversity action." *Milinazzo,* 247 F.R.D. 691, 696 (citing the law codified in Fla. Stat. § 90.502); *accord St. Joe*, 2006 WL 3391208, at *4 (same); see also USF&G, 630 F. Supp.2d at 1335.

> Unlike a claim of attorney-client privilege made by an individual, a claim of privilege raised by a corporation is subject to a "heightened level of scrutiny."   To establish that communications are protected by the attorney-client privilege, Defendants must demonstrate that the documents satisfy the following requirements:
>
> (1)    the communication would not have been made but for the contemplation of legal service;
> (2)    the employee making the communication did so at the direction of his or her corporate superior;
> (3)    the superior made the request of the employee as part of the corporation's effort to secure legal advice or services;
> (4)    the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties;
> (5)    the communication is not disseminated beyond those persons who, because of the corporate structure need to know its contents.

*Milinazzo*, 247 F.R.D. at 697 (quoting and relying on *Southern Bell Tel & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994); *accord St. Joe,* 2006 WL 3391208, at *4 - 5. The burden of establishing any such privilege is on the corporation claiming it. *Milinazzo*, 247 F.R.D. at 697 (citing *Southern Bell*, 632 So. 2d 697).

As applied specifically "in an insurance context, the attorney-client privilege only attaches when an attorney performs acts for an insurer in his professional capacity and

11

**Higer Lichter & Givner**

in anticipation of litigation." *Milinazzo*, 247 F.R.D. at 697; *see also Bankers Inc. Co. v. Florida Dept. of Ins.,* 755 So. 2d 729 (Fla. 1st DCA 2000) (finding no attorney-client privilege exists where an attorney is merely "a conduit" for the insurer). "Communications involving those steps that an insurance company undertakes in its ordinary investigation of a claim do not develop privileged status merely because they involve an attorney." *1550 Brickell*, 597 F. Supp.2d at 1337.

Landmark has not alleged that it created its claim files "but for" the contemplation of legal services.  Rather, Landmark concedes that the information and documents it is objecting to producing or has withheld on the basis of attorney-client privilege are related to its handling of Bartram's claims.  Exhibits 3 – 4.  As such, all such information and documents were created as part of Landmark's standard procedures and investigation of Bartram's insurance claims and must be produced. *See Milinazzo,* 247 F.R.D. at 697; *Cutrale*, 2004 WL 5215191, at *3 (holding that where an attorney "acted as a claims adjuster, claims process supervisor, or claim investigations monitor, and not as a legal adviser for [the insurers], the attorney-client privilege would not apply")

Landmark alleges it has not denied coverage to Bartram.  Clearly, all documents and information in this case which were created prior to the commencement of this litigation on February 17, 2010 were therefore created in the ordinary course of Landmark's business of handling and investigating insurance claims.  It was not until Bartram filed an action against Landmark on February 17, 2010 that Landmark could have contemplated litigation.   Accordingly, no communications asserted prior to February 17, 2010 are possibly subject to any

Higer Lichter & Givner

attorney-client privilege.  *See 1550 Brickell*, 597 F. Supp.2d at 1336-37 (holding the insurer could not claim attorney-client privilege for documents created before the insured filed suit, where it failed to demonstrate the attorney acted in anticipation of litigation prior to such date).

V.    <u>SPECIFIC DISCOVERY REQUESTS, OBJECTIONS,  ARGUMENT</u>

      A.    <u>Bartram's First Request for Production of Documents</u>

**Request 1:**  **All documents in your possession relating to any claim submitted relating to any claim submitted by Owner relating to the Project.**

**Response:**  Attached hereto are all non-privileged and otherwise discoverable documents from Landmark's claim file, in bates stamped format, regarding the subject claimed filed by The Bartram, LLC and/or Foram Development LLC.

All privileged and non-discoverable document have been included on Landmark's Privilege Log being served concurrently herewith.

**Argument:**  As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege.  Landmark has not denied Bartram's claims.  Therefore, the work product doctrine or the attorney client privilege does not protect any documents created prior to February 17, 2010 (the date of Bartram's filing of its Complaint).  To the contrary, all such documents are related to Landmark's handling and investigation of Bartram's insurance claims and are relevant.  *See, e.g., 1550 Brickell*, 597 F. Supp.2d at 1336 – 1337 (S.D. Fla. 2009); *Milanazzo*, 247 F.R.D. at 695-702; *USF&G*, 630 F. Supp.2d at, 1334-

13

Higer Lichter & Givner

1339; St. *Joe,* 2006 WL 3391208, at * 2 – 8; *Cutrale,* 2004 WL 5215191,

at * 1- 2004); *Auto Owners,* 135 F.R.D. at 200-203.

**Request 2:** **All documentation relating to any investigation you conducted concerning any losses or damages Owner notified you of relating to the Project.**

**Response:** Objection.  This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege.

Moreover, this request also seeks information and documents from Landmark's claims files that pertain to the handling of the instant claim which are irrelevant and not discoverable in a first party breach of insurance contract action.  See *Scottsdale Ins. Co. v. Camara de Comercio Latino-American de los Estados Unidos , Inc.,* 813 So. 2d 250 (Fla. 3d DCa 2002) citing *State Farm fire & Cas. Co. v. Wheeland,* 648 So.2d 297 (Fla. 3d DCA 1995); *American Reliance Ins. Co. v. Rosemont Condominium Homeowners Association,* 671 So. 2d 250 (Fla. 3d DCA 1996); *State Farm Fire and Cas. Ins. Co.v. Croft,* 432 So.2d 196 (Fla. 1st DCA 1983).  Information regarding claims handling is relevant to a bad faith action which is premature as a matter of law before a determination of liability is made in the underlying breach of contract action.  *Vest v. Travelers Ins. Co.,* 753 So.2d 1270, 1276 (Fla. 2000).  See also *State Farm Florida Ins. Co. v. Gallmon,* 835 So. 2d 389 (Fla. 2d DCA 2003) **(this paragraph shall hereinafter be referred to as "Landmark's State Law Relevancy and Privilege Objection").**

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:** As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege.  *See* argument above in support of Document Request number 1.

14

Higer Lichter & Givner

**Request 3:**   All documentation supporting any denial of coverage, coverage defense, or exclusion to the policy in which you raised in this lawsuit.

**Response:**   Objection.  This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege, and/or that were prepared by or pertain to Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege.  *See* argument above in support of Document Request number 1.

**Request 4:**   All documentation regarding the inspection you had conducted by an independent adjuster on January 13, 2010 including all notes, photos, and finding from the inspection.

**Response:**   Objection.  This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege, and/or that pertain to or were prepared by Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request

15

**Higer Lichter & Givner**

as not discoverable or on the basis of any privilege.  *See* argument

above in support of Document Request number 1.

**Request 5:**  **All documentation you reviewed and considered prior to drafting the January 4, 2010 letter rejecting Owner's Sworn Statement in Proof of Loss for being incomplete (attached to Plaintiff's requests for admissions as Exhibit A).**

**Response:**  Objection.  This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege, and/or that pertain to or were prepared by Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:**  As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege.  *See* argument

above in support of Document Request number 1.

**Request 6:**  **All documentation you reviewed and considered in deciding not to respond to Owner's January 8, 2010 letter (attached to Plaintiff's requests for admissions as Exhibit B) that responded to your January 4, 2010 letter.**

**Response:**  Objection.  This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege, and/or that pertain to or were prepared by Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Higer Lichter & Givner

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:** As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege. *See* argument above in support of Document Request number 1.

**Request 7:** **Your standard protocol or operating procedure in investigating and responding to builder's risk claims including a) standard protocol in notifying an insured that its builder's risk claim is covered or denied (even if the quantum is not yet determined), b) standard protocol in conducting inspections of the property, c) standard protocol in demanding examinations under oath, and d) standard protocol with respect to the length of time it takes to investigate a builder's risk claim.**

**Response:** Objection. This request is overbroad, vague and ambiguous and not sufficiently limited in time and/or scope.

Landmark's State Law Relevancy and Privilege Objection.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:** As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege. *See* argument above in support of Document Request number 1. Further, "the claims manuals and guidelines for interpreting policy provisions were created

Higer Lichter & Givner

in the ordinary course of [the insurers'] business and are, therefore, not

protected from disclosure by the work product doctrine." *Auto Owners*,

135 F.R.D. at 203.

**Request 8:**   **All notes and findings you generated regarding the loss notice and the Sworn Statement in Proof of Loss and accompanying binders of documentation you received.**

**Response:**   Objection.   This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege, and/or that pertain to or were prepared by Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege.   *See* argument

above in support of Document Request number 1.

**Request 9:**   **All telephone messages, notes, and logs you generated from telephone calls from the Owner or any agent regarding its builder's risk claim.**

**Response:**   Objection.   This request is overbroad, vague and ambiguous, overbroad, irrelevant and necessarily seeks information and documents that are protected by the work-product doctrine and the attorney-client privilege.

Landmark's State Law Relevancy and Privilege Objection.

18

## Higer Lichter & Givner

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege.   *See* argument above in support of Document Request number 1.

**Request 10:**   **All telephone messages, notes, correspondence, documents, and logs between you and the independent adjuster you retained to perform an inspection.**

**Response:**   Objection.   This request is overbroad, vague and ambiguous and necessarily seeks information and documents that are protected by the work-product doctrine and/or []the attorney-client privilege, or which were prepared by or pertain to Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on which to withhold any documents responsive to this document request as not discoverable or on the basis of any privilege.   *See* argument above in support of Document Request number 1.

**Request11:**   **All memoranda you generated regarding Owner's builder's risk claim.**

**Response:**   Objection.   This request is overbroad, vague and ambiguous, overbroad, irrelevant and necessarily seeks information and documents that are protected by the work-product doctrine and/or [] the attorney-client privilege.

Landmark's State Law Relevancy and Privilege Objection.

19

Higer Lichter & Givner

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:** As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege. *See* argument

above in support of Document Request number 1.

**Request 12:** **All telephone messages, notes, correspondence, documents, and logs between you and any third party regarding Owner's builder's risk claim (excluding by and between you and your attorney).**

**Response:** Objection. This request is vague and ambiguous, overbroad, irrelevant and necessarily seeks information and documents that are protected by the work-product doctrine.

Landmark's State Law Relevancy and Privilege Objection.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be re veiled or deemed discoverable.

**Argument:** As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege. *See* argument

above in support of Document Request number 1.

**Request 13:** **All documentation regarding the investigation of Owner's builder's risk claim.**

**Response:** Objection. This request is vague and ambiguous, overbroad, irrelevant

and necessarily seeks information and documents that are protected by

the work-product doctrine and/or [] the attorney-client privilege, or

which were prepared by or pertain to Landmark's consulting experts.

20

### Higer Lichter & Givner

Landmark's State Law Relevancy and Privilege Objection.

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.
Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege.   *See* argument

above in support of Document Request number 1.

**Request 14:**   **Your claim folder regarding Owner's builder's risk claim.**

**Response:**   Objection.  This request necessarily seeks information and documents that are protected by the work-product doctrine and/or [] the attorney-client privilege, or which were prepared by or pertain to Landmark's consulting experts.

Landmark's State Law Relevancy and Privilege Objection.

Subject to this objection and without waiving same, all non-privileged and discoverable documents responsive to this request are attached hereto in bates stamped form.

Landmark cautions that discovery and investigation remain ongoing, and documents responsive to this request may later be revealed or deemed discoverable.

**Argument:**   As explained above in Section IV, Landmark has no legal basis on

which to withhold any documents responsive to this document request

as not discoverable or on the basis of any privilege.   *See* argument

above in support of Document Request number 1.

**B.**   **Bartram's First Set of Interrogatories to Landmark**

21

Higer Lichter & Givner

Interrogatory 4:   If you denied Plaintiff's request for admission number 2 (requesting that you admit that you denied coverage for the losses or damages Owner notified you that it incurred relating to the Project), please explain whether (a) you have any standard protocol in notifying a builder's risk insured whether there would be coverage under a policy (even if there is uncertainty as to the quantum of the coverage), and [] (b) why it has taken you since August 4, 2009 to make a determination as to whether there would be coverage under the Primary Policy (even if there is uncertainty as to the quantum of the coverage).

Answer:   Objection.  Work product doctrine and attorney-client privilege. Further the information requested is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  In addition, the information requested is barred from discovery as premature.  *See Blanchard v. State Farm Mutual Ins. Co.,* 575 So. 2d 1289 (Fla. 1991) and *Hartford v. Mainstream Const. Group, Inc.,* 864 So. 2d 1270 (Fla. 5th DCA 2004).

Argument:   As explained above in Section IV, Landmark has no legal basis on which to withhold any information responsive to this interrogatory as privileged, irrelevant, not discoverable, or premature.   *See* argument above in support of Document Request number 1.   Further, Landmark's general protocol regarding its responses to claims is are not protected from disclosure. *See Auto Owners,* 135 F.R.D. at 203.

Interrogatory 6:   Please identify everything you have done to investigate Owner's builder's risk claim that you received notice of on or about August 4, 2009 to determine whether there is coverage under the Primary Policy (even if you are uncertain as to the quantum of coverage).

Answer:   Objection.  Work product doctrine and attorney-client privilege. Further the information requested is not relevant and is not reasonably calculated to lead to the discovery of admissible

Higer Lichter & Givner

evidence.  In addition, the information requested is barred from discovery as premature.  *See Blanchard v. State Farm Mutual Ins. Co.,* 575 So. 2d 1289 (Fla. 1991) and *Hartford v. Mainstream Const. Group, Inc.,* 864 So. 2d 1270 (Fla. 5th DCA 2004).

Argument:    As explained above in Section IV, Landmark has no legal basis on which to withhold any information responsive to this interrogatory as privileged, irrelevant, not discoverable, or premature.   *See* argument above in support of Document Request number 1.

Interrogatory 11:   **Please explain all facts that support your 22nd Affirmative Defense to Owner's original complaint that there were dishonest or criminal acts by owner that would operate to exclude coverage.**

Answer:    Objection.  The Plaintiff has filed and served an Amended Complaint and furthermore this Interrogatory is not based on the operative pleading.  Further, the information requested in this interrogatory is protected by the work-product doctrine and attorney-client privilege.

Argument:    Landmark's failure to provide any facts to support its own affirmative defense provides further support for Bartram's Motion to Strike this Affirmative Defense.   DE 43.   In its Affirmative Defenses to Bartram's Amended Complaint, Landmark restated its Twenty-Second Affirmative Defenses to allege the application of an exclusion for "dishonest or criminal acts."  DE 36, at 17. Clearly, any facts in support of Landmark's own pleading are relevant and reasonably calculated to lead to the discovery of admissible evidence.   *See* Fed. R. Civ. P.

23

Higer Lichter & Givner

26(b)(1); Fed. R. Evid. 401. This interrogatory seeks only the facts which support Landmark's affirmative defense, which facts, by definition, cannot be protected by any attorney-client privilege or the work product doctrine.

## VI.   CONCLUSION

For all of the foregoing reasons, the Court should order Landmark to (i) fully respond and produce more documents in response to document requests numbered 1 through 14 of Bartram's First Request for Production of Documents, including, its claims files and all other documents misidentified on Landmark's Privilege Log; and (ii) more fully respond to Interrogatories 4, 6, and 11 of Bartram's First Set of Interrogatories.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to N.D. Fla. L.R. 7.1(B), we hereby certify that Bartram's counsel, David Adelstein, Esquire, conferred via telephone with counsel for the Insurers on December 2, 2010, in a good faith effort to resolve by agreement the issues raised in this Motion, but the parties' counsel were unable to resolve any issues raised in this Motion.

Higer Lichter & Givner

Respectfully Submitted,

s/Michael J. Higer
Michael J. Higer
Florida Bar No. 500798
MHiger@HLGLawyers.com
HIGER LICHTER & GIVNER, L.L.P.
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
T:  305 933-9970
F:  305 933-0998
*Co-Counsel for Plaintiff The Bartram, LLC*
*and*
s/David Adelstein
Bruce A. Norris
Florida Bar No. 04119
ban@kirwinnorris.com
David M. Adelstein, Esquire
Florida Bar No. 647314
dma@kirwinnorris.com
KIRWIN NORRIS, P.A.
200 South Orange Avenue, Suite 1950
Orlando Florida 32801
T:  407-740-6600
F:  407-740-6363
*Co-Counsel for Plaintiff The Bartram, LLC*

Higer Lichter & Givner

<u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that on December 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Michael J. Higer</u>
Michael J. Higer, Esquire
Florida Bar No. 500798
MHiger@HLGLawyers.com
Higer Lichter & Givner, L.L.P.
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33160
T:  305 933-9970
F:  305 933-0998
*Co-Counsel for Plaintiff The Bartram, LLC*

26

Higer Lichter & Givner

### SERVICE LIST

*THE BARTRAM, LLC v. LANDMARK AMERICAN INS. CO.*
*Case No. 1: 0: CV-0028-SPM-AK*
United States District Court, Northern District of Florida

Lauren D. Levy, Esquire
llevy@butlerpappas.com
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
Brickell Bayview Center
80 S.W. 8th Street, Suite 3300
Miami, Florida 33130
T:  305-416-9998
F:  305-416-6848
*Attorneys for Defendants*
***Served via Electronic Filing through CM/ECF***


Bruce A. Norris, Esquire
ban@kirwinnorris.com
David M. Adelstein, Esquire
dma@kirwinnorris.com
KIRWIN NORRIS, P.A.
200 South Orange Avenue, Suite 1950
Orlando Florida 32801
T:  407-740-6600
F:  407-740-6363
*Co-Counsel for Plaintiff*
***Served via Electronic Filing through CM/ECF***

27

## Higer Lichter & Givner
