THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,
a Delaware limited liability company,

      Plaintiff,

v.                                                    CASE NO. 1:10-cv-00028-SPM-GRJ

LANDMARK AMERICAN INSURANCE COMPANY,
an Oklahoma corporation,
ROCKHILL INSURANCE COMPANY,
an Arizona corporation,
and WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a Georgia corporation,

      Defendants.
_____/

# O R D E R

The matter is before the Court on Defendants' Motion To Compel Discovery And/Or For More Detailed Privilege Log Directed To Privilege Log Of Margaret Spence Of Douglas Claims & Risk Consultants, Inc.'s Documents. (Doc. 60.) Plaintiff has filed a response to the motion (Doc. 69) and therefore the matter is ripe for consideration.[1] For the reasons discussed below, Defendants' motion is due to be **GRANTED** but only with respect to the emails exchanged between Margaret Spence of Douglas Claims & Risk Consultants, Inc. and John Breistol of Forman Group, Inc. between August 4, 2009 and Ms. Spence's formal retention in September 2009 by Plaintiff.

## I. INTRODUCTION

This action involves whether the builder's risk insurance policies issued with

---

[1] Plaintiff has also filed a notice advising the Court of the only items which remain in dispute after the parties conferred in an effort to narrow the documents and discovery items in dispute. (Doc. 74.)

regard to the construction of an apartment project in Gainesville, Florida cover damages

to the project as a result of various construction defects. The discovery dispute relevant

to the pending motion revolves around certain presentations, training programs and

communications by Plaintiff's independent insurance consultant, Ms. Margaret Spence

("Spence") of Douglas Claims & Risk Consultants, Inc. ("Douglas").  Ms. Spence was

one of a number of insurance professionals who made presentations or provided

training in late July and early August 2009 to various individuals associated with Plaintiff

and the Foram Group, Inc. ("Foram") –  the company who managed the apartment

project –  regarding issues of liability, loss control and risk management.  (Doc. 69 Ex.

D.)  Spence was retained formally by Plaintiff as an independent insurance consultant

in September 2009 to assist Plaintiff and its counsel with understanding and analyzing

various insurance issues, the insurance claims process, Plaintiff's rights and obligations

under the insurance policies issued to Plaintiff by Defendants and potential avenues of

insurance recovery associated with the construction defects and damages at the

apartment project.  (Doc. 69, Ex. E ¶5.)

In August 2010 Defendants' counsel issued a subpoena to Douglas requiring

Douglas to turn over, *inter alia*, all documents relating to the claims submitted by

Plaintiff to Defendants and Douglas' complete file with respect to its work for Plaintiff

and Foram.  (Doc. 69 Ex. A p. 7.)  In response to this subpoena, and pursuant to Fed.

R. Civ. P. 26(b)(5)(A), Plaintiff served a log of the requested documents that it claimed

were privileged from discovery.  (Doc. 60 Ex. A.)  Plaintiff then served an amended

privilege log on Defendants on December 13, 2010.  (Doc. 69, Ex. C.)  On December

15, 2010, this Court held a telephonic hearing on an unrelated motion, during which the

Court instructed the parties to confer regarding the amended privilege log and advise

the Court as to those items in the amended privilege log which remained in dispute.

Pursuant to the Court's instructions, Plaintiff filed a document entitled "Notice Of Filing

In Support Of Plaintiff's Response To Defendants' Motion To Compel" identifying the

documents in the amended privilege log which were still in dispute. (Doc. 74.)

There are four categories of documents in the amended privilege log which

remain in dispute: (i) a July 30, 2009 liability training program and package concerning

a program conducted by Spence for Foram and Plaintiff, (ii) a July 31, 2009 liability

training presentation given by Spence to Plaintiff and Foram; (iii) an August 4, 2009 loss

control and risk management visit presentation given by Spence to Plaintiff and Foram;

and (iv) emails from Ms. Spence to John Breistol, President of Foram, that were sent

and received between August 29, 2009 and the date of Ms. Spence's formal retention

by Plaintiff in September 2009. (Doc. 74, Ex. A.)

## II. DISCUSSION

### A. *Presentations and Training Materials*

The first three items sought by Defendants include: (i) the July 30, 2009 liability

training program and package concerning a program conducted by Spence for Foram

and Plaintiff, (ii) the July 31, 2009 liability training presentation given by Spence to

Plaintiff and Foram; (iii) the August 4, 2009 loss control and risk management visit

presentation given by Spence to Plaintiff and Foram. Plaintiffs contend they should not

have to produce these documents because the documents are protected from

discovery by the work product privilege and are not within the scope of discovery

because the documents are irrelevant. Defendants, on the other hand, contend that

the work product doctrine does not apply because the items listed in the chart were generated prior to the date when Ms. Spence's professional services were retained by Plaintiff.

The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative (including its attorney). <u>Auto Owners Ins. Co. v. Totaltape, Inc.</u>, 135 F.R.D. 199, 201 (M.D. Fla 1990) (citing <u>In re Grand Jury Proceedings</u>, 601 F.2d 162, 171 (5th Cir. 1979)); Fed. R. Civ. P. 26(b)(3). The party resisting discovery bears the burden of demonstrating the applicability of the work product doctrine. <u>Id</u>. (citing <u>Barclays American Corp. v. Kane</u>, 746 F.2d 653, 656 (10th Cir.1984)). The work product doctrine only protects documents "generated based on the anticipated probability that litigation will follow at the time the documents were drafted.'" <u>Place St. Michel, Inc., v. Travelers Property Cas. Co. Of America.</u>, No. 06-21817-CIV-LENARD/TORRES, 2007 WL 1059561, at *2 (S.D. Fla. Apr. 4, 2007). The three documents sought by Defendants – a series of presentations and training programs – are not subject to the work product privilege because the documents were created by Ms. Spence for the purpose of advising Plaintiff and Foram about workers compensation and employment practices liability, and not for any reason or use connected to this litigation.

Although the documents are not protected by the work product privilege it is clearly evident by the context in which the documents were generated that the documents have nothing whatsoever to do with this case. This case is a first-party insurance coverage dispute in which Plaintiff seeks a declaration that the damages suffered to its apartment project are covered by each of the builder's risk policies issued

by Defendants. Documents relating to Ms. Spence's presentations and training programs provided to Plaintiff and Foram concerning workers compensation issues and employment practices liability have nothing to do with the subject matter of this case. While these materials may highlight Ms. Spence's expertise and knowledge, which may have motivated Plaintiff to retain Ms. Spence as a consultant, that fact does not make these documents relevant to the issues in this case nor would the production of these documents lead to the discovery of admissible evidence.

Accordingly, while the Court concludes that the training materials are not subject to the work product privilege, Defendants are not entitled to these documents because they are irrelevant and immaterial and thus not within the scope of discovery as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants' motion to compel the production of these items is, therefore, due to be denied.

### *B     Emails Between Ms. Spence and Mr. Breistol*

Defendants also seek the production of emails from Ms. Spence to John Breistol, President of Foram, regarding builder's risk insurance policies issued by Defendants, insurance claim submissions to Defendants and other insurance coverage issues that were sent and received between August 29, 2009 and Ms. Spence's retention by Plaintiff in September 2009. (Doc. 74, Ex. A..) Plaintiff claims that these emails are protected by the work product doctrine.

Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure extends the work product privilege to the facts known and opinions held by an expert, who is not expected to be called as a witness at trial, and who has been retained or specially employed in anticipation of litigation or preparation for trial.

Many non-testifying witnesses, however, also play a role in the underlying transaction(s) or event(s) that eventually lead to litigation before they are formally retained as a non-testifying witness to aid a party in preparing for litigation. Such non-testifying witnesses wear two hats. The expert may be considered a normal fact witness before the expert has been retained then may become a non-testifying expert witness after the expert is retained. Under these circumstances the witnesses are only entitled to work product protection for the period of time after they were formally retained as a non-testifying expert witness. In re Shell Oil Refinery, 134 F.R.D. 148, 149-51 (E.D. La. 1990)(noting that "the Rule does not protect facts or opinions of expert employees developed while conducting business activities related to matters in issue, but before being specially retained" as non-testifying expert witnesses); Essex Builders Group, Inc. v. Amerisure Insurance Co., 235 F.R.D. 703, 704-05 (M.D. Fla. 2006).[2]

Therefore, because Ms. Spence was not formally retained as an expert until September 2009 the email correspondence between Ms. Spence and Mr. Breistol prior to September 2009 is not protected as work product. During the time period prior to her retention Ms. Spence was assisting Plaintiff with understanding its rights under the insurance policies issued by the Defendants. Ms. Spence's involvement prior to her retention as an expert in the claims submission process on Plaintiff's behalf was in her role of assisting Plaintiff in its business of submitting claims and not in the role of a

---

[2] The Advisory Committee Note to Fed. R. Civ. P. 26(b) also supports this conclusion. The Advisory Committee observed that "[i]t should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit" and that "[s]uch an expert should be treated as an ordinary witness." Fed. R. Civ. P. 26 advisory committee's note.

retained expert assisting in preparing for litigation. Once Ms. Spence was formally retained, she became a non-testifying expert and her communications with Plaintiff after that date were protected.

Accordingly, Plaintiff will be required to produce to Defendants all emails between Ms. Spence and Foram President John Breistol exchanged between August 29, 2009 and Ms. Spence's formal retention by Plaintiff in September 2009.

In light of the foregoing, it is **ORDERED**:

(1)     Defendants' Motion To Compel Discovery And/Or For More Detailed Privilege Log Directed To Privilege Log Of Margaret Spence Of Douglas Claims & Risk Consultants, Inc.'s Documents (Doc. 60) is **GRANTED** to the limited extent that Plaintiff must produce all emails sent by Margaret Spence of Douglas Claims & Risk Consultants, Inc. to John Breistol of the Foram Group, Inc. between August 29, 2009 and the date of Ms. Spence's formal retention in September 2009, and in all other respects is **DENIED**.

(2)     Plaintiff shall produce the relevant emails to Defendants within ten (10) days of the date of this Order.

**DONE AND ORDERED** this 24th day of January, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge