THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                               CASE NO. 1:10-cv-00028-SPM-GRJ

LANDMARK AMERICAN INSURANCE
COMPANY, an Oklahoma corporation,
ROCKHILL INSURANCE COMPANY,
an Arizona corporation, and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a Georgia
corporation,

    Defendants.
_____/

## O R D E R

The matter is before the Court on Plaintiff's Motion To Compel Defendants To Produce Documents/Information Trial Experts Considered And To Prevent Defendants From Conditioning Deposition Of Their Trial Experts On Retainers. (Doc. 76.) Defendants have filed a response (Doc. 78) and, therefore, the motion is ripe for consideration.

Plaintiff requests the Court to enter an order: (i) compelling Defendants to produce the documents and information that Defendants' trial experts utilized in reaching their opinions; and (ii) permitting the depositions of Defendants' trial experts to go forward without requiring prepayment of a retainer by Plaintiff before the depositions commence. In their Response Defendants represent that on February 8, 2011 counsel served copies of the requested documents and information as well as privilege logs

upon Plaintiff's counsel. Accordingly, that part of Plaintiff's motion is no longer in issue.

Turning to the remaining issue of whether Defendants' experts may condition their appearance for deposition upon prepayment of their fees, the starting point is the applicable rule. Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides in relevant part that: [U]nless manifest justice would result, the court must require that the party seeking discovery: ... (i) pay the expert a reasonable fee for time spent in responding [to discovery] .." The Rule is silent as to whether the party seeking discovery from the opposing party's expert witness must pre-pay the expert's fee. The plain language of the Rule is, however, instructive. The Rule provides that the party deposing the expert must reimburse the expert for the "time spent" in responding to discovery. The Rule thus contemplates payment for services that have occurred and not for services that will take place – absent of course a situation which would result in manifest injustice. As such, the Rule contemplates payment after the services have been incurred. Indeed, that is the only way the Rule would make sense. Logic dictates that until the deposition is completed the party responsible for payment would not know how much to pay. Conceivably, requiring a prepayment could result in an overpayment if the deposition only lasted a short period of time.

While there is a dearth of case law addressing the issue the few courts which have addressed the issue have concluded the expert's fee does not have to be paid in advance. *See, e.g.,* Harris v. Costco Wholesale Corp., 226 F.R.D. 675, 676 (S.D. Cal. 2005)(internal citations omitted)("The rule does not state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, 'unlike ordinary witness fees, no rule requires that an opposing expert's

deposition fees be tendered to the witness in advance ...'").

Accordingly, consistent with the plain wording of the Rule and consistent with the case law on this issue, the Court concludes that Plaintiff is not required to pay Defendants' expert witnesses in advance of their depositions. Plaintiff, of course, is required to reimburse Defendants' expert witnesses a reasonable fee[1] for their time spent during their depositions and time spent preparing for their depositions.[2]

In light of the foregoing, it is **ORDERED** that:

(1) Plaintiff's Motion To Compel Defendants To Produce Documents/Information Trial Experts Considered And To Prevent Defendants From Conditioning Deposition Of Their Trial Experts On Retainers (Doc. 76) is **GRANTED**.

(2) To the extent that Defendants have not already done so Defendants shall promptly provide Plaintiff with the documentation of Defendants' trial experts requested by Plaintiff in its subpoenas previously served.

(3) Plaintiff shall not be required to pay Defendants' experts in advance of their depositions but instead shall be required to pay the expert's fees after the conclusion of the depositions and within the time frame for

---

[1] Although there does not appear to be any dispute about the hourly rate charged by Defendants' experts, what constitutes a "reasonable fee is within the discretion of the Court. Putnal v. Guardian Life Ins. Co. of America, 2005 WL 3532381 (M.D. Ga. 2005). The fee being charged to the party who retained the expert and the fees traditionally charged by experts on related matters, should be considered in setting a reasonable fee. Goldwater v. Postmaster General of U.S., 136 F.R.D. 337 (D .Conn. 1991); New York v. Solvent Chemical Co., Inc., 210 F.R.d. 462, 468 (W.D.N.Y. 2002).

[2] While the Rule does not expressly state whether an expert's time preparing for a deposition is "time spent in responding to discovery" the clear trend is that expert witnesses may be entitled to at least some compensation for time spent in preparation for a deposition, particularly if the expert is testifying in a complex case. *See, e.g.* Collins v. Village of Woodridge, 197 F.R.d. 354 (N.D. Ill. 1999); Boos v. Prison health Services, 212 F.R.D. 578 (D. Kan. 2002).

payment consistent with the agreement for payment entered into between Defendants and their experts

**DONE AND ORDERED** this 16th day of February, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge