THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-28-SPM-GRJ

LANDMARK AMERICAN INSURANCE
COMPANY, an Oklahoma corporation,
ROCKHILL INSURANCE COMPANY,
an Arizona corporation, and
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY, a Georgia
corporation,

    Defendants.
_____/

**O R D E R**

The matter is before the Court on Defendants' Motion For Reconsideration of May 10, 2011 Order. (Doc. 97.) Plaintiff filed a response (Doc. 101) and on May 24, 2011 the Court conducted a telephonic hearing to address the motion. For the reasons discussed on the record at the hearing, which are fully incorporated in this Order, and as summarized below Defendants' Motion For Reconsideration of May 10, 2011 Order is due to be granted as limited in this order.

Defendants request the Court to reconsider its previous order directing the Defendants to attend the mediation scheduled for June 22 and 23, 2011 in the Contractor Action, Case No. 1:09-cv-254-SPM-GRJ (the "Contractor Action"). (Doc. 96.) Among the reasons advanced by the Defendants in support of their request for reconsideration, is a conflict with Defendants' counsel on June 23 and 24, 2011, the

dates of the mediation. Defendants' counsel advised the Court that she is scheduled to take depositions in New York during the relevant period of time and that her family is scheduled to accompany her to New York so they can visit with her family. In addition, at least two of the adjusters for the Defendants are scheduled to be on prepaid vacations during the relevant period of time.

Plaintiff objects to Defendants' request arguing that Defendants' counsel has not been cooperative in scheduling the mediation and that the Plaintiff will incur unnecessary additional expense if it must also attend mediation with the Defendants separately. While the Court reconfirms the view it expressed in it May 10, 2011 Order that "a global mediation in this case in coordination withe the Contractor Action will be beneficial and is the most efficient and cost effective method of moving this case and the Contractor Action towards a resolution," the Court declines to force Defendants' counsel to cancel her family trip so she can attend the mediation. As a practical matter the Court recognizes that due to the complexity of this case the mediator may have to engage in multiple mediation sessions to achieve a full or partial resolution of the issues. Although the Defendants may not have the benefit of participating in the mediation on June 22 and 23, so long as the Defendants participate in a further mediation session shortly thereafter the Defendants will still be able to participate in a meaningful way in the mediation discussion. For this to occur the Defendants will be required to schedule and attend a mediation with the same mediator on or before July 15, 2011.

Although the Court would prefer for the Defendants to participate in the mediation scheduled for June 22 and 23 the Court concludes that on balance the

conflict raised by Defendants' counsel is a sufficient reason for the Court to reconsider its May 10, 2011 Order.

Accordingly, upon due consideration, it is **ORDERED** that:

1. Defendants' Motion For Reconsideration Of May 10, 2011 Order (Doc. 97) is **GRANTED** to the extent that Defendants shall not be required to attend the June 22 and 23, 2011 mediation scheduled in the Contractor Action because of the previously scheduled travel plans of Defendants' counsel.

2. Defendants shall be required, however, to participate in a mediation with the Plaintiff no later than July 15, 2011. The parties are, therefore, directed to coordinate the scheduling of a mediation session with Larry Watson of Upchurch Watson White & Max to be held on or before **July 15, 2011.** In the event that the parties are unable to schedule a mutually convenient mediation session prior to July 15, 2011, then the parties shall schedule the mediation session for **July 20, 2011**, the time that is currently scheduled for the deposition of Plaintiff's corporate representative(s).

**DONE AND ORDERED** this 24th day of May, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge