THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BARTRAM, LLC,
a Delaware limited liability company,

    Plaintiff,

v.                                                  CASE NO. 1:10-cv-28-SPM-GRJ

LANDMARK AMERICAN INSURANCE
COMPANY, an Oklahoma corporation,
ROCKHILL INSURANCE COMPANY,
an Arizona corporation, and WESTCHESTER
SURPLUS LINES INSURANCE COMPANY,
a Georgia corporation,

    Defendants.
_____ _____/

## O R D E R

On October 4, 2011 the Court held a status conference to address outstanding matters. During the hearing the Court considered Plaintiff's Motion To Supplement Expert Disclosure To Allow Testimony On Anticipated Repairs Costs From Facchina Construction of Florida, LLC.  (Doc. 126.)

In the Motion to Supplement Plaintiff requests leave to supplement its expert disclosures by adding Facchina Construction of Florida, LLC and its director of preconstruction, Michael Harstad, as an expert witness in this case.  Defendants filed a response in opposition to the motion.  (Doc. 139.)

Pursuant to the scheduling order in this case, Rule 26(a)(2) expert witness disclosures were due by June 13, 2011.  (Doc. 70.)  On September 15, 2011 Plaintiff's counsel notified all counsel in the Contractor Action, as well as counsel in this action, that it utilized the services of the general contractor, Facchina Construction and its

director of preconstruction, to assist in developing a detailed cost control estimate with assumptions on costs to perform the repairs to the apartment complex that is the subject of this case. Although Plaintiff believes Facchina is a fact witness as it relates to the generation of the cost control estimate and assumptions, testimony regarding the anticipated repair costs and scope of work assumptions may involve some measure of expert testimony.  Consequently, Plaintiff filed the instant motion. Defendants object on the grounds that the disclosure is being made months after the expert witness disclosure deadline.

      For the reasons stated on the record at the hearing and as summarized below the Court concludes that Plaintiff's Motion to Supplement is due to be granted. Because Plaintiff is not requesting permission to supplement a previously disclosed expert opinion, but rather to modify the deadline in the scheduling order for disclosure of expert witness, Plaintiff must demonstrate good cause and that Plaintiff  acted diligently. The Court concludes that Plaintiff has demonstrated good cause and there is no question that the request is being made at the earliest opportunity. The request to supplement could not have been filed earlier for the simple reason that the Plaintiff had not yet commenced the process of estimating and preparing for the repairs. The cost control estimate and assumptions were only generated as part of the preconstruction process for the repairs to the apartment complex. In addition, the information provided by Facchina is not relevant to any of the issues pending before the Court on the parties' respective motions for summary judgment and as such there will be no prejudice to the Defendants if the motion is granted. Lastly, to the extent there would be any prejudice to the Defendants because the late filing would impact the discovery deadline the Court

can ameliorate any prejudice by granting Defendants an extension of time to depose Mr. Harstad and an extension of time to designate supplemental rebuttal expert testimony.

Accordingly, for all of these reasons the Motion to Supplement is due to be granted. In order to provide the Defendants with sufficient time to depose Mr. Harstad the discovery deadline shall be extended to December 30, 2011 for the sole purpose of allowing Defendants to take the deposition of Mr. Harstad. Defendants also shall be permitted to designate supplemental expert rebuttal testimony within thirty days of taking Mr. Harstad's deposition, if Defendants wish to do so.

Additionally, at the hearing, Defendants also made an *ore tenus* motion for an extension of time within which to respond to Plaintiff's Cross-Motion For Partial Summary Judgment On Liability. (Doc. 132.)  For the reasons recited on the record, Defendant's *ore tenus* motion for an extension of time is due to be granted. Defendants shall file their response to Plaintiff's Cross-Motion For Partial Summary Judgment On Liability by October 28, 2011.  Further, so that Plaintiff will have an opportunity, if necessary, to respond to any new evidence filed by Defendants with their response, Plaintiff may file a reply limited solely to any new evidence filed by Defendants with their response.  Plaintiff shall file any reply by November 11, 2011.  The Court will thereafter take the motions for summary judgment under advisement and no further briefing will be permitted.

Accordingly, upon due consideration, it is  **ORDERED**:

1. Plaintiff's Motion To Supplement Expert Disclosure To Allow Testimony On Anticipated Repairs Costs From Facchina Construction of Florida, LLC (Doc. 126) is **GRANTED.**

*Case No: 1:10-cv-28-SPM-GRJ*

2. The discovery deadline in this case is extended until **December 30, 2011** for the sole purpose of allowing Defendants to depose Michael Harstad of Facchina Construction of Florida, LLC.  To the extent Defendants wish to identify a rebuttal expert or supplement their existing expert's report as a result of this deposition, then Defendants shall do so by **January 27, 2011**.

3. Defendants shall respond to Plaintiff's Cross-Motion For Partial Summary Judgment On Liability (Doc. 132) on or before **October 28, 2011**.  To the extent Defendants file new evidence in support of their response, Plaintiff may file a reply directed solely to such new evidence on or before **November 11, 2011.**

**DONE AND ORDERED** this 4th day of October, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge